ity, which shall grant the defendant "the right to enter upon the land and to drill, etc.," subject, however, to the conditions and provisions hereinafter stated. The only such "conditions and provisions are those contained in the next paragraph but one. They are that the lessee shall proceed with due diligence, and make every effort to start the same within two months from the date hereof, to drill at least one well upon the premises." The expenses and profits of that well are then provided. Permission is given to drive other wells. All this must refer to the provisions of the proposed lease, for the reason suggested; i. e., that there are no other "provisions" in the agreement. This is further corroborated by the next paragraph, which states that "the lease herein agreed to be executed shall carry out the above provisions." What provisions can these be? Obviously the third paragraph cannot be cut in half, and the first clause alone exscinded from the rest. The whole third paragraph was, I think, to be incorporated into the lease, and the first clause was not to operate before it went into effect.

Finally, to make assurance doubly sure, I can see no possible significance in the last paragraph but one, if my interpretation be wrong. It could surely not have been necessary to give the lessee a right of entry, if he was already under positive obligation to enter and drive a well. The use of the word "may" is clearly permissive; i. e., it means that before the lease he has the option to begin. More could be said for this argument if there were merely an option to enter, but the option extends to "begin operations"; i. e., to begin driving a well. That is absolutely inconsistent with any duty to do so.

Finally, I may say that it would be a harsh construction which should compel the proposed lessor to expend money on the ground before he got the security of a lease. I do not mean that in any case any contract had been formed because of the vagueness as to the terms of the lease. I am taking that in the plaintiff's favor, for the sake of argument. Even so there is no cause of action pleaded.

Demurrer sustained, with leave to respondent to answer within 20 days.

---

## FOLKES et al. v. MITCHELL.

(Circuit Court of Appeals, Second Circuit. December 18, 1922.)

### No. 91.

In Error to the District Court of the United States for the Southern District of New York.

Action at law by Lilly V. Folkes and another against William Mitchell. Judgment for defendant (287 Fed. 719), and plaintiffs bring error. Affirmed.

O. D. Batchelor, of New York City, for plaintiffs in error.

Bandler & Haas, of New York City (John F. Collins, of New York City, of counsel), for defendant in error.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. Judgment affirmed, with costs.